THE GOVERNOR ROBERT MCLANE *v.* UNITED STATES.[1]

*(Circuit Court, D. Maryland.* March 27, 1888.)

SHIPPING—INSPECTION—VESSELS BELONGING TO STATE.

The steam vessels belonging to the state of Maryland, and used by its officers in the enforcement of the state fishery laws in the Chesapeake bay, to protect the state oyster-beds and fishing rights, and to give relief to vessels in distress, are required by sections 4417 and 4418 to have their boilers and hulls inspected by the United States steam-boat inspectors, and are liable to the penalties of section 4499 for non-compliance with the provisions of the United States law regulating steam-vessels.

*(Syllabus by the Court.)*

Appeal from district court.

This case was a libel of information, filed by the United States against the steamer Governor Robert M. McLane, to subject said steamer to the fine prescribed by section 4499, Revised Statutes, for refusing to permit her hull and boilers to be inspected by the United States local steam-boat inspectors for the port of Baltimore, Md.; sections 4417 and 4418 being the sections of Revised Statutes requiring this inspection annually. The state of Maryland filed its claim as owner of said steamer, and resisted the enforcement of said libel, claiming that the said steamer was used as an instrument of state government, to enforce the laws of the state of Maryland relating to the protection of the oyster-beds of the Chesapeake bay, which were owned by the state; and also that the said steamer, being engaged in no commerce, either foreign or interstate, was not subject to the laws of congress. The opinion of the district court, (MORRIS, J.,) upon which the decree was passed from which the appeal was taken, is reported in 31 Fed. Rep. 763.

*Charles B. Roberts*, Atty. Gen., for appellant.

The inspectors' charge of $10 for inspecting hulls and boilers of said steamer is a tax levied by the United States on an instrumentality of state government. 1 Desty, Tax'n, 34, 45; Cooley, Const. Lim. 483. The said steamer was engaged solely in the navigation of the navigable waters of the United States within the territorial limits of the state of Maryland, and was not engaged in foreign or interstate commerce, and hence was not subject to the inspection law of the United States. The said steamer being owned by a sovereign state, and used solely as a police boat on waters within the state of Maryland, to enforce the laws of the state of Maryland, is another ground of exemption of said steamer. *The Seneca*, 8 Ben. 509; *The Oconto*, 5 Biss. 463; *The Bright Star*, Woolw. 274; *The Thomas Swan*, 6 Ben. 42; *The Sylph*, 4 Blatchf. 24; *The Protector*, 20 Fed. Rep. 207; *The Fidelity*, 16 Blatchf. 569; *The Daniel Ball*, 10 Wall. 557; *U. S.* v. *Moore*, 2 Bond, 34; *Buffington* v. *Day*, 11 Wall. 113; *Gibbons* v. *Ogden*, 9 Wheat. 1.

*Thomas G. Hayes*, U. S. Atty., for the United States.

The charge of $10 for inspection was not a tax, but only a reasonable compensation for the service rendered. 23 St. at Large, 59; *Packet Co.* v. *Keo-*

[1] Affirming 31 Fed. Rep. 763.

*kuk*, 95 U. S. 80; *Packet Co.* v. *St. Louis*, 100 U. S. 423. The fact that the said steamer navigated the public waters of the United States rendered her liable to the requirements of sections 4417, 4418, Revised Statutes, although she was not engaged in foreign or interstate commerce, nor navigated these waters outside of Maryland. The requirements of said sections, being regulations of navigation, were enforceable against all steam-vessels navigating the waters of the United States, irrespective of the fact whether or not they were engaged in any commerce. Congress has the power to subject said steamers to this inspection, both under the commercial and admiralty clause of the constitution. Const. U. S. art. 1, § 8; *Gibbons* v. *Ogden*, 9 Wheat. 190; *U. S.* v. *Craig*, 28 Fed. Rep. 795; *Gilman* v. *Philadelphia*, 3 Wall. 724; *Sherlock* v. *Alling*, 93 U. S. 99; *The Daniel Ball*, 10 Wall. 566; *U. S.* v. *Jackson*, 4 N. Y. Leg. Obs. 454; *South Carolina* v. *Georgia*, 93 U. S. 4; *Hartranft* v. *Du Pont*, 118 U. S. 223, 6 Sup. Ct. Rep. 1188; Const. U. S. art. 3, § 2; *The Belfast*, 7 Wall. 624; *The Margaret*, 9 Wheat. 421; *U. S.* v. *Ferry Co.*, 21 Fed. Rep. 332; *Waring* v. *Clarke*, 5 How. 465. The United States has paramount and exclusive control over the navigable waters of the United States. The fact that a state is the owner of the steam-vessel navigating these waters does not exempt said vessel from the inspection. The state has transferred to the United States the power of regulating the navigation of the public waters. *U. S.* v. *Duluth*, 1 Dill. 469; *McCready* v. *Virginia*, 94 U. S. 391; *The Santissima Trinidad*, 7 Wheat. 353.

BOND, J. This cause, on appeal from the district court, having been submitted by the proctors on each side upon their briefs filed herein for the consideration and judgment of the circuit court, we are of opinion that the decision of the district court should be affirmed; and the reasons submitted in the district court in support of its judgment, in its opinion filed in the cause, are so well considered and ample to sustain its judgment, that no further opinion is required in the case, and a decree will be signed affirming that judgment.